CITY OF ORLANDO, PLAINTIFF IN ERROR, v. ORLANDO WATER AND LIGHT COMPANY, S. C. ADAMS, JULIUS KING, ANNIE L. KIMBALL, GEORGE J. DAVIS, J. M. BAAS, GEORGE I. RUSSELL, GALENA JOUETT, L. B. HAMLIN, JOHN F. DE-KLYN AND GEORGE I. RUSSELL, AGENT, DEFENDANTS IN ERROR.

### ON REHEARING.

The word "whereupon" when used in a statute does not necessarily mean "immediately." The word "thereupon" may mean "immediately," but its effect may be limited by other terms of the statute.

This case was decided by Division A.

The facts in the case are stated in the opinion of the Court.

*Louis C. Massey,* for Plaintiff in Error.

*Beggs & Palmer,* for Defendants in Error.

PER CURIAM. In a petition for rehearing counsel for the plaintiff in error suggest that the "court has overlooked the force and effect of that part of Section 722 of the Revised Statutes of Florida. which enacts: 'Whereupon the said Circuit Court shall order notice of said application to be served upon the mayor of said city or town and appoint a day for the hearing of said application, and all further action in the premises by the said city or town shall thereupon be stayed until the further order of the said court.' "

The point was not overlooked by the court. The word "whereupon" as used in the beginning of the above quota-

tion does not mean *immediately*. Burslem v. Attenborough, L. R. & C. P. Cas. 122; 12 Encyclopaedia of the Laws of England; 30 Am. & Eng. Ency. Law, 515. The word "thereupon" in the same quotation refers to time; but as stated in the opinion, in view of the provision of the statute that "if no objection is filed as aforesaid within the said thirty days, the said city or town may proceed by ordinance to annex the said tract of land," the mere failure to procure the statutory order did not confer authority upon the city to proceed after objections were properly filed under the statute.

A rehearing is denied.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, P. J., and HOCKER and PARKHILL, JJ.. concur in the opinion.